## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| NICHOLAS A. RITROVATO III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 23-10909-FDS |
| | ) | |
| E*TRADE SECURITIES, LLC, and | ) | |
| PERSHING, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

**SAYLOR, C.J.**

1.      The motion of plaintiff Nicholas A. Ritrovato III for leave to proceed *in forma pauperis* is GRANTED.  Because plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B).  This court also has an independent obligation to inquire into its own subject-matter jurisdiction, *see McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004), and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action," Fed. R. Civ. P. 12(h)(3).

2.      The complaint asserts only federal claims.  It alleges, in substance, that in 2003, defendants failed to deliver (or stole) options in Apple, Inc.

The complaint alleges purported violations of 18 U.S.C. § 1348.  Section 1348 is, however, "a criminal securities and commodities fraud statute and does not create a private right of action." *CPI Amherst SFR v. Alexander*, 5:22-CV-326-FL, 2023 WL 2620913, at *4 (E.D.N.C. Feb. 27, 2023) (citing *Donaldson v. Severn Sav. Bank*, F.S.B., No. CV JKB-15-901, 2015 WL 7294362, at *2 (D. Md. Nov. 18, 2015)); *Zito v. New York City Off. of Payroll Admin.*,

11 CIV. 2779 TPG, 2011 WL 5420054, at *3 (S.D.N.Y. Nov. 9, 2011), aff'd, 514 Fed. Appx. 26 (2d Cir. 2013) (unpublished).  Accordingly, the claims based upon Section 1348 are DISMISSED.

The remaining claim is based on "Exchange Act Rule 10b-5 [17 CFR 240.10b-5] and Section 10(b) [15 U.S.C. § 78j]."  Presuming, without ruling, that such a claim is properly stated in the complaint, it is time-barred on its face under 28 U.S.C. § 1658. *China Agritech, Inc. v. Resh*, 130 S.Ct. 1800, 1804 (June 11, 2018) ("The Exchange Act has a two-year statute of limitations that begins to run upon discovery of the facts constituting the violation. 28 U.S.C. § 1658(b).  The Act also has a five-year statute of repose. *Ibid.*"); *Miller v. Chandra*, CIV.A. 14-12337-NMG, 2015 WL 1431075, at *5 (D. Mass. Mar. 27, 2015).  Section 1658(b) provides in relevant part:

> (b) . . . , a private right of action that involves a claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws, as defined in section 3(a)(47) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(47)), *may be brought not later than the earlier of—*
>
> > (1) 2 years after the discovery of the facts constituting the violation; **or**
> >
> > (2) *5 years after such violation*.

*Id.* (emphasis added).

Essentially, the statute sets a limit of five years after the alleged violation to file suit, regardless of plaintiff's knowledge of the violation.  Here, the complaint refers to alleged actions and omissions based on an alleged failure to deliver call options that apparently occurred in 2003.  The repose period on that claim expired no later than 2008.  Accordingly, the federal securities claims are DISMISSED.

3.      There are no supplemental claims raised and diversity jurisdiction under 28

U.S.C. § 1332 is not alleged.  Accordingly, this action is DISMISSED.  The clerk is directed to

enter a separate order of dismissal.  The motion for a subpoena is DENIED as moot.

**So Ordered.**


                                                  /s/ F. Dennis Saylor IV
                                                  F. Dennis Saylor IV
Dated:  July 5, 2023                              Chief Judge, United States District Court